ZACHARY MORRIS (Bar No. 336532)
Zachary.Morris@arnoldporter.com
MATTHEW T. SALZMANN *(Pro Hac Vice to be filed)*
Matthew.Salzmann@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Plaintiff*
*Louis Vuitton Malletier SAS*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER SAS, a French société par actions simplifiée,<br><br>                    Plaintiff,<br><br>          v.<br><br>KIMERA INTERNATIONAL d/b/a LILIANA SHOES, a California corporation, KUO-HSIN YANG, an individual, XYZ COMPANIES 1-10, and JOHN DOES 1-10,<br><br>                    Defendants. | Case No.:  2:25-cv-10232<br><br>**COMPLAINT FOR:**<br><br>(1)  Trademark Counterfeiting in Violation of 15 U.S.C. § 1114;<br><br>(2)  Trademark Infringement in Violation of 15 U.S.C. § 1114;<br><br>(3)  False Designation of Origin in Violation of 15 U.S.C. § 1125(a);<br><br>(3)  Common Law Trademark Infringement;<br><br>(4)  Common Law Unfair Competition;<br><br>(5)  Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200 *et seq.* |

Plaintiff Louis Vuitton Malletier SAS ("Louis Vuitton"), by and through its undersigned counsel, complains and alleges against defendants Kimera International d/b/a Liliana Shoes ("Kimera"), Kuo-Hsin Yang ("Yang"), XYZ Companies 1-10 and John Does 1-10 (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      Louis Vuitton brings this action for injunctive relief and damages arising from Defendants' willful and intentional acts of trademark counterfeiting and/or infringement, false designation of origin, unfair competition and dilution in violation of the laws of the United States and the statutory and common law of the State of California.

## THE PARTIES

2.      Louis Vuitton is a *société par actions simplifiée* duly organized and existing under the laws of the Republic of France, with its principal place of business in Paris, France, and operates as a subsidiary of LVMH Moët Hennessy Louis Vuitton, S.A.  Louis Vuitton is a world-famous luxury goods company and is the sole and exclusive distributor of goods bearing and/or embodying the Louis Vuitton trademarks in the United States.  Specifically, Louis Vuitton is engaged, *inter alia*, in the design, manufacture, distribution and sale in interstate and foreign commerce, including within this judicial district, of prestigious and high quality, luxury merchandise, including, without limitation, footwear, apparel, handbags, wallets, sunglasses, jewelry, fragrances and other fashion accessories.

3.      Upon information and belief, Kimera is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 810 Echelon Court, City of Industry, California 91744.  Upon further information and belief, Kimera is engaged, *inter alia*, in the manufacture, importation, distribution, advertisement, promotion, offer for sale and sale of Counterfeit and/or Infringing Products (as that term is defined below), including sales in this judicial district.

4.      Upon information and belief, Yang is an individual residing at 1198 N. Lopez Lane, Azusa, California 91702 and, at all relevant times here, the owner, director, president, and manager of Kimera.  Upon further information and belief, Yang is the moving, active, conscious force directing Kimera's illicit conduct alleged herein.

5.      Upon information and belief, Kimera and Yang are engaged, in the alleged unlawful acts in conjunction with various entities and individuals, denoted herein as XYZ Companies 1-10 and John Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Louis Vuitton will amend the Complaint to include the names of such entities and/or individuals.

## **JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over Louis Vuitton's federal claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

7.      This Court has subject matter jurisdiction over Louis Vuitton's claims that arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Louis Vuitton's federal claims.

8.      This Court has personal jurisdiction over Defendants because they reside in and conduct continuous and systematic business in this judicial district, including, without limitation, engaging in the promotion and sale of Counterfeit and/or Infringing Products (defined below) within this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a), because Defendants are subject to personal jurisdiction within this judicial district, and because a substantial part of the events giving rise to Louis Vuitton's claims occurred within this judicial district.

///

///

///

3

# FACTUAL BACKGROUND

**A.    Louis Vuitton**

10.    Founded in Paris in 1854, Louis Vuitton is one of the premier luxury fashion houses in the world.  Originally known for its custom-made luggage and trunks, today Louis Vuitton is well known for its high-quality apparel, handbags, footwear, jewelry and many other fashion and luxury goods.

11.    In order to protect and maintain the prestigious image of the brand, LOUIS VUITTON products are sold exclusively through company-owned and operated boutiques, some of which are located within high-end retail stores such as Neiman Marcus and Saks Fifth Avenue, and through the Louis Vuitton website at http://us.louisvuitton.com.

**B.    The Louis Vuitton Trademarks**

12.    Louis Vuitton is the owner of many famous federally-registered trademarks, including the Flower In a Circle design mark (the "FLOWER IN A CIRCLE Design Trademark"), the Flower In a Rhombus design mark (the "FLOWER IN A RHOMBUS Design Trademark"), the Flower design mark (the "FLOWER Design Trademark"), the Décor Floral design mark (the "DÉCOR FLORAL Design Trademark"), the Damier design mark (the "DAMIER Design Trademark") (collectively, the "Louis Vuitton Trademarks"), which are registered for use in conjunction with a variety of goods, including, *inter alia*, footwear.

13.    The table below lists certain of the U.S. registration certificates the U.S. Patent and Trademark Office has issued to Louis Vuitton for the Louis Vuitton Trademarks in Class 25 covering footwear, true and correct copies of which are attached hereto as **Exhibit A**:

| Mark | Reg. No. | Reg. Date | Class & Goods |
|---|---|---|---|
| *FLOWER IN A CIRCLE Design Trademark* | | | |
|  | 2,181,753 | 08/18/1998 | *Inter alia*, IC 025: Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots and sandals |

4

| Mark | Reg. No. | Reg. Date | Class & Goods |
|---|---|---|---|
|  | 7,504,931 | 09/17/2024 | *Inter alia*, IC 025: Apparel, namely, underwear, sweaters, bodices, corsets, suits, vests, raincoats, coats, trousers, pullovers, dresses, jackets, shawls, sashes, scarves, ties, braces as suspenders, gloves, belts, stockings, tights, jerseys, bathing suits and bathrobes, footwear; headwear |
| *FLOWER IN A RHOMBUS Design Trademark* | | | |
|  | 2,773,107 | 10/14/2003 | *Inter alia*, IC 025: Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, high-heeled shoes, low-heeled shoes, boots, tennis shoes; hats |
|  | 7,504,932 | 09/17/2024 | *Inter alia*, IC 025: Apparel, namely, underwear, sweaters, bodices, corsets, suits, vests, raincoats, coats, trousers, pullovers, dresses, jackets, shawls, sashes, scarves, ties, braces as suspenders, gloves, belts, stockings, tights, jerseys, bathing suits and bathrobes, footwear; headwear |
| *FLOWER Design Trademark* | | | |
|  | 2,177,828 | 08/04/1998 | *Inter alia*, IC 025: Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots and sandals |
|  | 7,504,930 | 09/17/2024 | *Inter alia*, IC 025: Apparel, namely, underwear, sweaters, bodices, corsets, suits, vests, raincoats, coats, trousers, pullovers, dresses, jackets, shawls, sashes, scarves, ties, braces as suspenders, gloves, belts, stockings, tights, jerseys, bathing suits and bathrobes, footwear; headwear |
| *DÉCOR FLORAL Design Trademark* | | | |
|  | 3,107,072 | 06/20/2006 | *Inter alia*, IC 025: Clothing and undergarments, namely, belts, scarves, shawls, jackets, sashes for wear, shoes, boots |
| *DAMIER Design Trademark* | | | |
|  | 2,255,321 | 06/22/1999 | IC 025: Clothing, and other garments, namely, sweaters, coats, jackets, ties, clothing belts, footwear |

14.    The Louis Vuitton Trademarks are in full force and effect, and many of them have become incontestable pursuant to 15 U.S.C. § 1065.

15.     The U.S. registration certificates for the Louis Vuitton Trademarks that are attached hereto as **Exhibit A** constitute *prima facie* evidence of their validity and conclusive evidence of Louis Vuitton's exclusive right to use the Louis Vuitton Trademarks in connection with the goods identified therein, and constitute sufficient notice to Defendants of Louis Vuitton's ownership and exclusive rights in and to the Louis Vuitton Trademarks pursuant to 15 U.S.C. § 1115(a).

16.     Louis Vuitton has invested millions of dollars and decades of time and effort to create consumer recognition in the Louis Vuitton Trademarks and to ensure that the public, not only in the United States but throughout the world, associates the Louis Vuitton Trademarks with high quality, luxury goods emanating exclusively from Louis Vuitton.

17.     As a result of the wide renown acquired by the Louis Vuitton Trademarks, Louis Vuitton's worldwide reputation for high quality, luxury goods, and the extensive sales of high quality, luxury goods marketed and sold under the Louis Vuitton Trademarks, the Louis Vuitton Trademarks have become famous in the mind of the purchasing public within the meaning of 15 U.S.C. § 1125(c), exclusively identifying the goods offered under the Louis Vuitton Trademarks with a single source—Louis Vuitton.  The Louis Vuitton Trademarks, and the goodwill associated therewith, are of inestimable value to Louis Vuitton.

## DEFENDANTS' COUNTERFEITING AND INFRINGING ACTIVITIES

18.     Defendants are manufacturing, importing, distributing, advertising, promoting, offering for sale and/or selling, and/or causing to be manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold, without authorization or license from Louis Vuitton, footwear bearing studied imitations of the Louis Vuitton Trademarks (the "Counterfeit and/or Infringing Products").

19.     Photographs of representative Counterfeit and/or Infringing Products Defendants have manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold appear in the chart below, and are attached hereto as **Exhibit B**:

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

**Representative Counterfeit and/or Infringing Products**









7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Representative Counterfeit and/or Infringing Products**









COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

| Representative Counterfeit and/or Infringing Products |
| :---: |



20.    Rather than going to the effort and expense of developing and creating their own unique, source-identifying marks and designs, Defendants deliberately, knowingly and faithfully copied the Louis Vuitton Trademarks.  As a result, the Counterfeit and/or Infringing Products are likely to cause consumers, either at the point-of-sale or in the post-sale environment, to mistakenly believe that such products are LOUIS VUITTON products, or are authorized, sponsored, approved, endorsed or licensed by Louis Vuitton, or are otherwise affiliated, associated, or connected with Louis Vuitton.

21.    The Counterfeit and/or Infringing Products are made with inferior materials, are poorly constructed and are sold at prices far below the retail prices at which authentic LOUIS VUITTON products are sold.

22.    Louis Vuitton first learned of Defendants' infringing conduct in or around November 2024, when it became aware of a third party engaged in the promotion and sale of the following LILIANA branded Counterfeit and/or Infringing Products:

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

1

**November 2024 Counterfeit and/or Infringing Products**

 

23.    By letter dated November 26, 2024, Louis Vuitton, through outside counsel, advised Defendants of their infringing conduct and demanded, among other things, that their infringement of the Louis Vuitton Trademarks immediately cease.

24.    Defendants did not respond to Louis Vuitton's outside counsel's November 26, 2024 letter, or to Louis Vuitton's outside counsel's subsequent letters and emails dated December 10, 2024, December 27, 2024, January 12, 2025, February 13, 2025 and May 30, 2025.

25.    Thereafter, in or around June 2025, Louis Vuitton learned that Defendants were continuing to engage in the manufacture, importation, distribution, advertisement, promotion, offer for sale and sale of additional styles of Counterfeit and/or Infringing Products in knowing violation of Louis Vuitton's trademark rights, including the following styles:

///
///
///
///
///
///

10

| June 2025 Counterfeit and/or Infringing Products |
|---|

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

| June 2025 Counterfeit and/or Infringing Products |
| :---: |



26.     At that time, Louis Vuitton further learned that Defendants were using digitally modified images of authentic and/or counterfeit LOUIS VUITTON branded products to promote one of the newly identified Counterfeit and/or Infringing Products (namely, the LANDA-2) on social media.  One such post appears below:

| Defendants' March 20, 2025 Social Media Post |
| :---: |



(https://www.instagram.com/p/DHbp9HENqE2/?img_index=2)

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

27.    As shown above and below, Defendants' March 20, 2025 Instagram post depicts a collection of digitally modified authentic and/or counterfeit LOUIS VUITTON sneakers. While Defendants attempted to obscure the large "LV" logo that appears on the tongue of Louis Vuitton's LV Trainer Sneaker, the word "VUITTON" remains visible on the quarter, as does the partial "LV" on the toe:

| Defendants' March 20, 2025 Social Media Post | Authentic Louis Vuitton "LV Trainer Sneaker" |
| --- | --- |
|  |  |

28.    By letter dated July 9, 2025, Louis Vuitton, through outside counsel, again advised Defendants of their infringing and unlawful conduct and demanded, among other things, that all such infringing conduct immediately cease.

29.    Subsequent attempts to amicably resolve Louis Vuitton's claims against Defendants were unsuccessful.

30.    Thereafter, in September 2025, Louis Vuitton learned that Defendants were continuing to engage in the promotion and sale of Counterfeit and/or Infringing Products. Specifically, Louis Vuitton learned that Defendants engaged in the promotion and sale of yet additional styles of Counterfeit and/or Infringing Products at the MAGIC fashion trade show held in Las Vegas, Nevada on August 18-20, 2025.

31.    Among the footwear products Defendants promoted and sold at the MAGIC trade show were the following new Counterfeit and/or Infringing Products:

///

///

///

13

| August 2025 Counterfeit and/or Infringing Products |
|---|

 

 

 

 

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

32.     The August 2025 Counterfeit and/or Infringing Products closely replicate recently released designs from Louis Vuitton's re-edition of its collaboration with renowned designer Takashi Murakami, examples of which appear below:

**2025 Re-Edition of Louis Vuitton x Murakami Collection**



33.     Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Louis Vuitton's rights in and to the Louis Vuitton Trademarks.

34.     Upon information and belief, Defendants intend to continue to manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell the Counterfeit and/or Infringing Products unless otherwise restrained by this Court.

35.     Upon further information and belief, Defendants are distributing the Counterfeit and/or Infringing Products throughout the United States, including within this judicial district.

## FIRST CLAIM FOR RELIEF

## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

36.     The allegations set forth in paragraphs 1 through 35 hereof are adopted and incorporated by reference as if fully set forth herein.

37.     Defendants have used in commerce marks that are identical to or substantially indistinguishable from the Louis Vuitton Trademarks on goods for which Louis Vuitton holds a U.S. trademark registration.  Defendants have knowingly used these spurious marks for their own personal financial gain.

38.     Louis Vuitton has not authorized Defendants' use of the Louis Vuitton Trademarks and, upon information and belief, Defendants' use of the Louis Vuitton Trademarks has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' footwear products, or as to a possible affiliation, connection or association between Louis Vuitton and Defendants.

39.     Upon information and belief, Defendants have acted with knowledge of Louis Vuitton's ownership of the Louis Vuitton Trademarks, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

40.     Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

42.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the Louis Vuitton Trademarks, unless restrained by this Court.

43.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

44.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

///

///

///

COMPLAINT FOR VIOLATIONS OF LANTHAM ACT, COMMON LAW AND UCL

1

2

**SECOND CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

3

4

45.     The allegations set forth in paragraphs 1 through 44 hereof are adopted and incorporated by reference as if fully set forth herein.

5

6

7

8

9

46.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

10

11

47.     The Louis Vuitton Trademarks are federally registered and are exclusively associated in the mind of the public with Louis Vuitton.

12

13

14

15

16

17

18

19

48.     Defendants have willfully used the Louis Vuitton Trademarks without Louis Vuitton's consent or authorization.  Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' footwear products emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Products.

20

21

22

23

24

49.     Through their unauthorized use of copies of the Louis Vuitton Trademarks, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the Louis Vuitton Trademarks.  This has resulted in substantial and irreparable injury to the public, Louis Vuitton, the Louis Vuitton Trademarks, and Louis Vuitton's business reputation and goodwill.

25

26

50.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27

28

17

51.    Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the Louis Vuitton Trademarks, unless restrained by this Court.

52.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

53.    Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

54.    The allegations set forth in paragraphs 1 through 53 hereof are adopted and incorporated by reference as if fully set forth herein.

55.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and/or sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person to another person, or which is likely to cause confusion, mistake or deception as to the origin, source, sponsorship or approval of such goods.

56.    By making unauthorized use in interstate commerce of the Louis Vuitton Trademarks, Defendants have used false designations of origin and false representations in connection with the manufacture, importation, distribution, advertising, promotion, offer for sale and/or sale of goods that are likely to cause confusion, mistake or deception as to Defendants' affiliation or connection with Louis Vuitton, and as to the origin, sponsorship, association or approval of the Counterfeit and/or Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

58.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### DILUTION (15 U.S.C. § 1125(c))

59.    The allegations set forth in paragraphs 1 through 58 hereof are adopted and incorporated by reference as if fully set forth herein.

60.    The Louis Vuitton Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before Defendants began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Products.

61.    Defendants' importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Products constitutes commercial use of the Louis Vuitton Trademarks, and Louis Vuitton has not authorized or licensed such use by Defendants.

62.    Defendants' Counterfeit and/or Infringing Products feature marks so similar to the Louis Vuitton Trademarks that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the Louis Vuitton Trademarks.  Defendants' promotion and sale of the Counterfeit and/or Infringing Products thereby dilutes or is likely to dilute the distinctive qualities of the Louis Vuitton Trademarks and to lessen the capacity of such mark to uniquely identify and distinguish Louis Vuitton's goods.

63.    Defendants' unlawful use of carefully studied copies of the Louis Vuitton Trademarks in connection with inferior quality goods is also likely to tarnish the reputation of the Louis Vuitton Trademarks through unsavory or unflattering associations with those goods by consumers.

64.    By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the Louis Vuitton Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

66.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER COMMON LAW

67.    The allegations set forth in paragraphs 1 through 66 hereof are adopted and incorporated by reference as if fully set forth herein.

68.    By the acts described herein, Defendants have intentionally infringed the Louis Vuitton Trademarks in violation of the common law of the State of California.

69.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER COMMON LAW

70.    The allegations set forth in paragraphs 1 through 69 hereof are adopted and incorporated by reference as if fully set forth herein.

71.    By the acts described herein, Defendants have intentionally engaged in unfair competition with respect to Louis Vuitton in violation of the common law of the State of California.

72.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

///

///

///

///

20

### SEVENTH CLAIM FOR RELIEF

### CALIFORNIA UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

73.    The allegations set forth in paragraphs 1 through 72 hereof are adopted and incorporated by reference as if fully set forth herein.

74.    The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

75.    Upon information and belief, Louis Vuitton has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, Louis Vuitton has lost sales due to Defendants' aforesaid conduct, and/or the value of the Louis Vuitton Trademarks have been diminished by Defendants' actions.

76.    Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

77.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

78.    Defendants' acts have harmed and, unless enjoined, will continue to irreparably harm Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

79.    Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Louis Vuitton is entitled to injunctive relief and an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Louis Vuitton demands judgment against Defendants as follows:

1.    For judgment that Defendants each:

(a)   willfully counterfeited the Louis Vuitton Trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

(b)   willfully infringed the Louis Vuitton Trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

(c)   willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Louis Vuitton;

(d)   willfully diluted the Louis Vuitton Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(e)   willfully infringed the Louis Vuitton Trademarks in violation of the common law of the State of California;

(f)   engaged in unfair competition as against Louis Vuitton in violation of the common law of the State of California; and

(g)   engaged in willful unfair competition against Louis Vuitton in violation of California Business & Professional Code §§ 17200 *et seq*.

2.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants, and their respective members, agents, servants, employees and attorneys, and all those in active concert or participation with it, from:

(a)   from making, using, importing, exporting, distributing, supplying, selling or offering to sell, or causing to be sold any product or service bearing the Louis Vuitton Trademarks, or any reproduction, counterfeit, copy or colorable imitation thereof;

(b)   using any false designation or representation of origin in connection with the offering for sale or sale of goods, or any false description or representation, including words or other symbols, tending falsely to describe or represent Defendants as Louis Vuitton or associated or connected to Louis Vuitton, or Defendants' goods as being those of Louis Vuitton, or sponsored

22

by or as being associated with Louis Vuitton, and from offering such goods in commerce;

(c) engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of the Louis Vuitton Trademarks;

(d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, advertised, promoted, offered for sale or sold by them are in any manner associated or connected with Louis Vuitton, or that they are Louis Vuitton or are associated with or connected to Louis Vuitton;

(e) destroying, altering, removing or otherwise disposing of the unauthorized products or any books or any records which contain any information relating to the manufacture, production, importation, distribution, marketing, promotion, offering for sale and sale of products which infringe the Louis Vuitton Trademarks; and

(f) effecting assignments or transfers, forming new entities or associations or utilizing any other devises for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs 2(a) through (e).

3. For the entry of an order directing Defendants to deliver up for destruction to Louis Vuitton all products, advertisements, promotional materials and packaging in its possession or under its control bearing unauthorized copies of the Louis Vuitton Trademarks, and all plates, molds, matrices and other means of

production of the same, pursuant to Section 36 of the Lanham Act.

4.    For an award to Louis Vuitton of:  (a) the damages suffered by Louis Vuitton arising out of Defendants' unlawful conduct, trebled; (b) all profits that Defendants realized from the unauthorized use of the Louis Vuitton Trademarks or, alternatively, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark, per type of goods; (c) its costs and attorneys' fees to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and California Business & Professions Code §§ 17200 *et seq.*; (f) actual and punitive damages to the full extent available under the common law of the State of California.

5.    That Louis Vuitton be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

6.    That Louis Vuitton be awarded such additional and further relief as the Court deems just and proper.


Dated:  October 24, 2025                    ARNOLD & PORTER KAYE SCHOLER LLP


                                    By:  */s/ Zachary Morris*
                                    Zachary Morris
                                    Matthew T. Salzmann*

                                    *Motion for admission *pro hac vice* forthcoming

                                    *Attorneys for Plaintiff*
                                    *Louis Vuitton Malletier SAS*

24